Argued March 5, affirmed as modified April 1, 1959

# OLIVER *v.* OLIVER

337 P. 2d 318

*David W. Harper,* of Portland, argued the cause for appellant. On the brief were Vergeer & Samuels, Portland, and Donald A. W. Piper, Klamath Falls.

*George H. Proctor,* of Klamath Falls, argued the cause for respondent. On the brief were Robert D. Puckett and Proctor & Puckett, of Klamath Falls.

Before McAllister, Chief Justice, and Perry, O'Connell and Crawford, Justices.

CRAWFORD, J. (Pro Tempore)

Plaintiff sued for divorce on ground of cruel and inhuman treatment. Defendant filed a cross-complaint on like ground, seeking separation from bed and board. From a decree in defendant's favor plaintiff appeals. The decree, in addition to granting separation from bed and board for an unlimited time, ordered plain-

tiff to pay $200 a month for defendant's support, $500 additional attorney's fees, awarded judgment of $1,400 covering delinquent temporary support payments, and further decreed and granted to defendant the following described property:

"(1) All of Plaintiff and Defendant's real property located in Klamath County, Oregon, including Parcels 1-10 described in Exhibit 'A' attached hereto and incorporated herein by reference.

"(2) Household goods and furnishings located on Parcel 2.

"(3) Shop machinery and equipment located on Parcel 3.

"(4) All of the harvested grain and crops from Parcels 1 and 3 for the crop year of 1955.

"(5) The 1952 Studebaker automobile and 1947 Dodge Pickup registered in name of Defendant.

"(6) Defendant's personal effects."

There are seven assignments of error. The first alleges error in failing to grant plaintiff a decree. The second in granting defendant separation from bed and board. They will be considered together. Plaintiff offered evidence that shortly following the marriage in 1926 defendant suggested annulment, later threatened suicide during family arguments over drinking and just before plaintiff filed his complaint; slapped plaintiff's bookkeeper in 1947, finding her with plaintiff in a car; objected to plaintiff's friends hunting on the ranch in 1954; on occasions was discourteous to business associates of plaintiff; accused him of drinking to excess and taking dope. There is also some evidence that the home was poorly kept, unwashed dishes accumulated in the sink, and that defendant was personally untidy. Plaintiff also complains of defendant's avowed affection for a young man a short time follow-

ing the marriage. Defendant denies, explains and mitigates. We find these incidents, accumulated over a period of 30 years, of too little consequence and too remote to support plaintiff's claim for divorce. And this is particularly true where defendant satisfactorily explains her actions and any conduct that might be criticized could well be attributed to the conditions under which they were living. *Parman v. Parman,* 94 Or 307, 180 P 906, 185 P 922.

■ The evidence supports the decree of separation from bed and board. Plaintiff testified he lost all love for defendant in the early 1930's, left home in 1947 to think it over, returned, but has been away a large part of the time since 1948. He sent his two sons to tell their mother he wanted a divorce, and in 1954 sent his wife the letter, Exhibits 8 and 9. Therein he declares his love for another woman, that he had lost all love for defendant as a woman, that he had not been untrue to defendant until he had been in the real estate business several years and that defendant knew "when it began." On the stand he re-avowed his love for the other woman. The evidence does not establish plaintiff's defection was provoked by defendant. His contention that he was "starved for love" and for this reason turned to the other woman has not been proved. *Fritz v. Fritz,* 179 Or 612, 174 P2d 169; *Wiggins v. Wiggins,* 174 Or 181, 148 P2d 793; *Billion v. Billion,* 137 Or 622, 1 P2d 1108, 3 P2d 1113. Four children were born. Three survive and are of age.

■ The third assignment of error is directed to the ruling of the trial judge denying plaintiff's motion to reopen the case and submit additional evidence. The evidence, offered on the theory that it was in effect newly discovered and material, was presented by affidavits of the two sons of the parties, but in our opinion

it was neither newly discovered nor material. It was at most cumulative and of no significance. The trial court properly exercised its discretion in denying the motion.

■ The fourth assignment challenges the property settlement portion of the decree as being unfair and as failing to recognize "plaintiff's large contribution to the marital community." The evidence is clear and convincing that plaintiff brought no material assets to the marriage, whereas defendant owned substantial realty interests, securities and cash approximating some $30,000. During the ensuing years defendant acquired by gift, purchase, liquidation of assets and litigation a considerable sum. Prior to 1936 plaintiff contributed little to the assets of the family. Thereafter he was engaged in a variety of unprofitable ventures, real estate, plumbing, oil, home building, operating a dairy, and ranch operations. This continued until 1954. Defendant does not contend that plaintiff failed to support the family. She also made her substantial contribution. Each maintained an active checking account.

The principal property right issue derives from the disposition of Parcel 3. This contains some 425 acres. This parcel was acquired in 1944, title being taken in the joint names of the parties. It was financed in this manner: The parties executed a mortgage for $50,000 covering the land purchased, 130 acres owned by defendant and her two-acre homesite with improvements. Plaintiff contributed nothing.

At the time of trial the McCornack-Oliver Ranch consisted of approximately 1,000 acres, half of which was regarded as good land. The remainder was suitable for grazing only. The original mortgage had been refinanced and the principal obligation plus accrued

interest and taxes amounted to approximately $72,000. At that time, in the face of conflicting evidence ranging from $200 to $450 an acre for the good land, we find the value of the 425 acres of good land to be $275 an acre; the value of the grazing land to be $10 an acre. However, the property has "potential value and possibilities." It may well be regarded as an "economic unit." It is seen that plaintiff contributed little if anything to this value, defendant much. Her 130 acres included in the Ranch we value at $275 an acre. Her home and site at $18,000. They were unencumbered. They are now subject to the encumbrance referred to. We conclude, so far as Parcel 3 is concerned, that the trial judge did not err in giving it to the defendant. There is little if any evidence of value of any of the remaining parcels. We conclude that they are part and parcel of the Ranch and were properly awarded to defendant and that such disposition was just, fair and equitable.

■ The fifth assignment contends that the decree is improper and unjust in requiring plaintiff to pay support. Defendant is a business woman. She holds a real estate license. She has always worked. By reason of our upholding the lower court in its disposition of the realty and our recognition of the judgment of $1,400, $500 additional attorney's fees and costs, which will be discussed later, we conclude defendant should not be entitled to the support money allowed. Plaintiff goes forth with little save his interest in the Montana oil leases. His income is not disclosed with any degree of certainty. We feel, under the circumstances, that the decree should be modified by eliminating the requirement for payment of the $200 monthly support item.

■ The sixth and seventh assignments of error may

be considered together. The sixth is grounded on the position that there is no statutory authority for allowance of the additional attorney's fees nor for judgment for delinquent support payments. The seventh on the added ground that the court's order granting additional attorney's fees was improper, unjust and without notice.

Defendant argues that the suit was begun as a divorce suit; that the decree entered by the court pertains to the original proceeding as well as to defendant's counter-suit for separate maintenance; that the judgment for delinquent support payments was properly entered pursuant to ORS 107.090(1)(a) and ORS 107.250(1). The remedy of entering and docketing any delinquent amount as a judgment is not exclusive but cumulative by terms of the statute. ORS 107.090(1)(e) and ORS 107.250(4). The attorney's fees were to enable defendant to "* * * prosecute and defend this suit." Thereafter the additional allowance of $500 was made the same date the decree was signed and included therein. The support and attorney's fees allowances were both intended to cover the litigation from its inception. We find no error in the sixth assignment of error and no merit in the seventh.

■ Affirmed as modified. Costs to defendant. Defendant shall recover $250 attorney's fees in connection with this appeal. Under the circumstances we think this fair. ORS 107.300.